## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**HECTOR SOLIS**,

     Plaintiff,

v.                              **NO. CIV 12-525 JB/WDS**

**DILLARDS, INC.**,

     Defendant.

## MAGISTRATE JUDGE'S ANALYSIS
## AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** comes before me on an Order of Reference issued pursuant to 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Virginia Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990), and directing me to "perform any legal analysis required to recommend to the Court an ultimate disposition" of any motions filed in this case. *See* Doc. 4. Before the Court is pro se plaintiff Hector Solis's Application to Proceed in District Court Without Prepayment of Costs and Fees, filed May 16, 2012, *see* Doc. 3 (hereinafter called "motion to proceed IFP"), and his Complaint against Dillards Inc., *see* Doc. 1. Before ruling on the motion to proceed IFP, the Court must "review the affidavit and screen [Solis's] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Because Solis fails to state sufficient facts to invoke the Court's subject-matter jurisdiction, I recommend that the Court deny his motion to proceed IFP and dismiss his Complaint without prejudice.

## I.     Applicable legal standards.

---

[1]    Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed.

Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. A party wishing to proceed IFP must demonstrate that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself . . . with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). But even if a plaintiff is indigent, if a complaint that a plaintiff seeks to file without prepaying filing fees fails to invoke the Court's subject-matter jurisdiction or fails to state a claim on which relief may be granted, the case must be dismissed. *See* § 1915(e)(2)(B)(ii); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal is now mandatory). In reviewing the Complaint, I "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

"Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994). "[T]he party pleading jurisdiction must allege in his pleading the facts essential to show jurisdiction." *Id.* (internal quotation marks omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

**II.    Solis has failed to invoke the Court's subject-matter jurisdiction.**

Even though it appears that Solis does not have the funds to pay both for filing fees and the

2

necessities of life, the Court should deny permission to proceed.  Solis used a form complaint for

actions brought under 42 U.S.C. § 1983 in filing his action.  *See* Doc. 1.  He invokes jurisdiction

only under 28 U.S.C. § 1343(3) and § 1983.  *See id.* at 2.

As the total factual basis for his Complaint, Solis alleges: "Subjected to sexual harassment

by a co-worker during Oct. 2010 to Aug. 2011. . . . . Sexual harassment in the workplace.  Wrongful

termination. . . . Cameras onsite.  Co-workers stated they were aware of this behavior."  Doc. 1 at

2-3.

To invoke the Court's subject-matter jurisdiction under § 1343(3) and § 1983, a plaintiff

must allege facts showing that "some person has deprived him of a federally protected right;" and

"that the person who has deprived him of that right acted under color of state or territorial law."

*Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

> [A] plaintiff's failure to properly allege a "state action" in a § 1983 complaint strips
> the district court of subject matter jurisdiction [] if jurisdiction is alleged under 28
> U.S.C. § 1343(3).  *See Elliott v. Chrysler Fin.*, 149 Fed. Appx. 766, 768-69 (10th
> Cir.2005); *see also Monks v. Hetherington*, 573 F.2d 1164, 1167 (10th Cir. 1978)
> ("There is no demonstration of state action and, therefore, no basis for civil rights
> jurisdiction [pursuant to 28 U.S.C. § 1343(3)] in the case at bar.").

*Mehdipour v. Matthews*, No. 10-6073, 386 Fed. App'x 775, 778 n.3, 2010 WL 2748802, *3 n.3

(10th Cir. July 13, 2010) (unpublished).  Solis has not, however, alleged any facts demonstrating that

Dillards, Inc. is a state actor or that a state actor or a person acting under color of state law harassed

or terminated him.  He has, therefore, failed to invoke this Court's subject-matter jurisdiction under

§ 1343(3) and § 1983, and his Complaint must be dismissed because the Court "lacks subject-matter

jurisdiction."  FED. R. CIV. P.  12(h)(3); *see Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909

(10th Cir. 1974) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause

at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. . . . If the

parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*.  Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.") (internal citations omitted); *see also Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) ("a district court should not assume the role of advocate for the pro se litigant, and may not rewrite a petition to include claims that were never presented") (citation and internal quotation marks omitted); *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that "a district court may, without abusing its discretion, enter [] an order [dismissing a complaint without prejudice] without attention to any particular procedures").

As noted, Solis's Complaint contains very few facts, but it appears that he is attempting to assert only a state-law claim against a co-worker for harassment (or intentional infliction of emotional distress) and a state-law claim against Dillards, Inc. for wrongful termination, which, standing alone, must be brought in state court.  If he believes he has a viable federal cause of action and desires to file a new Complaint in federal court, the Complaint must allege facts explaining "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific [federal] legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163;  *see Phillips v. Pub. Serv. Co. of N.M.*, No. 02-2197, 58 Fed. App'x 407, *409, 2003 WL 191461, **2 (10th Cir.  Jan. 29, 2003) (per curiam) (noting that, "[b]ecause [the complaint] was dismissed without prejudice, no real disadvantage has come to [the plaintiff] as a result of the *sua sponte* dismissal and his due process rights and right of access to the courts are not implicated.  Should he have a good faith basis to do so, [the plaintiff] is free to file another complaint.") (citation omitted)..

I recommend that the Court deny Solis's motion to proceed IFP [Doc. 3], and dismiss the

Complaint without prejudice for lack of subject-matter jurisdiction.  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216-18 (10th Cir. 2006) (noting that "[a] longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice").

_____
UNITED STATES MAGISTRATE JUDGE