**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

HECTOR SOLIS,

      Plaintiff,

vs.                                               No. CIV 12-0525 JB/WDS

DILLARDS, INC.,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Magistrate Judge's Analysis and Recommended Disposition, filed June 7, 2012 (Doc. 5)("Recommended Disposition"). With respect to pro se Plaintiff Hector Solis' Application to Proceed in District Court without Prepaying Fees or Costs, filed May 16, 2012 (Doc. 3)("Application"), the Honorable W. Daniel Schneider, United States Magistrate Judge, found that Solis failed "to state sufficient facts to invoke the Court's subject-matter jurisdiction." Recommended Disposition at 1. Judge Schneider held that Solis failed to allege any facts demonstrating that Defendant Dillards, Inc. is a state actor and that "a plaintiff's failure to properly allege a 'state action' in a § 1983 complaint strips the district court of subject matter jurisdiction . . . if jurisdiction is alleged under 28 U.S.C. § 1343(3)."[1] Mehdipour v. Matthews, 386 F.App'x 775, 778 n.3 (10th Cir. 2010)(unpublished). In his Civil Rights Complaint

---

[1] 28 U.S.C. § 1343 provides that district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

> To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

28 U.S.C. § 1343(a)(3).

Pursuant to 42 U.S.C. § 1983, filed May 16, 2012 (Doc. 1), Solis invokes jurisdiction pursuant to 28 U.S.C. § 1343(a)(3). See Complaint at 2. His allegations of sexual harassment against Dillards, Inc. do not, however, establish state action.[2] Accordingly, Judge Schneider recommended that Solis' Application be denied and that his Complaint be dismissed without prejudice for lack of subject-matter jurisdiction. See Recommended Disposition at 4-5. No objections were filed, and the time for filing them has now passed. See Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). The Court has reviewed the Recommended Disposition and, there being no objections to the recommendation, will adopt that decision as its own.

**IT IS ORDERED** that: (i) the Magistrate Judge's Analysis and Recommended Disposition, filed June 7, 2012 (Doc. 5), is adopted; (ii) the Plaintiff's Application to Proceed in District Court without Prepayment of Costs or Fees, filed May 16, 2012 (Doc. 3), is denied; and (iii) the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed May 16, 2012 (Doc. 1), is dismissed without prejudice.

                                                                        _____
                                                                        UNITED STATES DISTRICT JUDGE

*Parties:*

Hector Solis
Albuquerque, New Mexico

    *Plaintiff pro se*

---

[2]While the Court finds that Solis does not have a cause of action under 42 U.S.C. § 1983, because he does not allege state action, his allegations may set forth a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to -2000e-17.